**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALEXANDRA CHAS,** | **Civil Action No. 2:26-cv-6610** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | |
| **TRANS UNION, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | **NON-ARBITRATION** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Alexandra Chas, against Trans Union, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended*.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Alexandra Chas is an adult individual residing in the state of Delaware.

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA, 19022.

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate

information") from at least August 2025 through the present. The inaccurate information pertains to accounts with Oklahoma's Credit Union ("OKCU").

7. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of two accounts and/or tradelines for which the Plaintiff has no responsibility, and which are the result of identity theft and fraud.

8. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

9. Plaintiff has disputed the inaccurate information with Defendant to its representatives by following its established procedures for disputing consumer credit information. Plaintiff has disputed the inaccurate information with Defendant from December 2025 through the present.

10. Plaintiff has included in her disputes an "identity theft report" as that term is used in 15 U.S.C. § 1681c-2(a).

11. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information, and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Defendant repeatedly published and disseminated consumer reports to such third parties from at least December 2025 through the present.

12. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded

any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and/or (5) performed any handwriting analysis.

13. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove or block the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, invasion of privacy including from unauthorized users and/or intrusions into her highly sensitive and intimate personal information, and emotional distress including anxiety, frustration, humiliation, embarrassment, and the physical symptoms of her emotional distress.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
**(Plaintiff v. Trans Union)**

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2, 1681e(b), and 1681i.

22. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: *__/s/ Mark Mailman__*

MARK MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
WILLIAM J. COOPER, ESQUIRE
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

Dated: September 2, 2026

***Attorneys for Plaintiff***